Argued February 1, affirmed February 26, 1973

# KEPHART, *Appellant, v.* EDWARD HINES LUMBER COMPANY, *Respondent.*

506 P2d 722

*David A. Vinson,* Eugene, argued the cause for

appellant. With him on the brief were Sahlstrom, Starr & Vinson, Eugene.

*Paul D. Clayton,* Eugene, argued the cause for respondent. With him on the brief were Luvaas, Cobb, Richards & Fraser, Eugene.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C.J.

In October of 1970, the claimant underwent surgery for a herniated intra-vertebral disc. The issue is whether or not this condition resulted from an on-the-job injury on September 19, 1970.

Claimant first filed a claim with a private health insurance company, but later, on October 15, 1970, filed a claim for benefits under the Workmen's Compensation Law. In November 1970, the employer denied claimant's claim, and in February of 1971, subsequent to a hearing, the hearing officer entered an opinion and order sustaining the denial. The Workmen's Compensation Board reversed, and the employer appealed to the circuit court. In October of 1971, the circuit court remanded to the hearing officer for the taking of testimony from three doctors—a Dr. Browne, who treated the claimant for some time prior to the date of the claimed injury—in fact, seeing him just one day before; Dr. Rockey, who saw the claimant in the hospital on September 20; and Dr. Golden, who performed the surgery. The testimony was taken by depositions. There was a supplemental hearing before the same hearing officer. He considered the depositions as additional evidence and by further opinion and order again denied the claim. The Workmen's Compensation

Board again reversed the hearing officer. The employer again appealed to the circuit court, and the same trial judge who had remanded entered an order in favor of the employer.

The issue is purely factual and the evidence has been exhaustively analyzed in two written opinions of the hearing officer, two written opinions of the Workmen's Compensation Board, and the oral opinion of the circuit court. In summary, the conclusions of the hearing officer and the circuit judge, with which we agree, are (1) the claimant had degenerative disc problems for several years prior to September of 1970, and on September 18, 1970, complained of substantially the same symptoms to Dr. Browne, his attending physician, as he later attributed to a September 19 on-the-job injury, and (2) claimant did not sustain his burden of proof that his condition was brought on or exacerbated by an accident or untoward occurrence of any kind on Septmber 19, 1970, or at any other time he was on the job. In none of his initial interviews with the three doctors after September 19 did he give a history of the incident that he later related in connection with filing his claim for compensation. Of the doctors, only Dr. Golden, who did the surgery, testified that a sudden, acute injury precipitated the need for surgery and his testimony in this regard was weak. He testified that not until after the surgery did the claimant tell him that he had an accident on September 19, and his testimony on the question of causation was:

> "* * * We're talking about basically two different sets of dates now, you understand. One is on the basis of what he told me initially. The other set is that he gave me additional history about an injury, so I am referring now—I'm giving you an

opinion that relates to having both sets of data. Do you understand what I mean? In other words, if you ask me what is my opinion regarding the day that I examined him it is that he's got degenerative disc disease and it's progressed on the basis of a natural course to such a severe degree that he is having symptoms severe enough to be treated by surgery. .

"If you ask me the same question as he returns to me and tells me that he has had an injury, I say he's had a condition aggravated by an injury, explaining symptoms requiring surgical treatment."

The Board in its opinions essentially stated that the basis for its finding was that it was not obligated to give any weight to the findings of the hearing officer, because his findings did not go to the question of claimant's credibility. We do not so read the opinion of the hearing officer. In his initial opinion he stated:

"* * * About the only question that arises in my mind—did the claimant, in fact, really suffer an injury sufficient enough to cause or aggravate the ruptured disc on September 19, 1970, or was it a pre-existing injury for some time prior to that episode. I certainly do not want to imply that I think the claimant was deliberately telling a falsehood, but I am afraid he may well be rationalizing."

In his supplemental opinion after remand, he stated:

"* * * I am faced with the probability that a degenerative condition, that existed for years, started to degenerate to a point where on September 18, 1970, he sought medical attention and then returned to work on the 19th of September, 1970, and *conveniently* had an incident that aggravated or caused his ruptured disc * * *." (Emphasis supplied.)

We agree with the trial judge's comment that he inter-

preted the above statements as a "polite" way of saying that the claimant's testimony① was not credible.

Affirmed.

---

① The original circuit court hearing had a different file number from the second hearing. On appeal claimant designated the entire trial court file, but then designated only the file number covering the second hearing which did not include Mr. Kephart's testimony. In view of the fact that this was an understandable mistake, subsequent to oral argument, upon discovery that we did not have the transcript of the original hearing before us, we sent for it and considered it in arriving at our conclusion.